In re **EAGSON CORPORATION, Debtor.**

**FIRST PENNSYLVANIA BANK, N.A., Plaintiff,**

v.

**Myron HARRIS, Trustee in Bankruptcy of Eagson Corporation, Willard T. Jackson, Harold E. Stassen, Central Penn National Bank, Mary Jane Black, Robert E. Breidenstein, Commonwealth of Pennsylvania, Stockard Shipping & Terminal Corp. and American Equipment Rental, Defendants.**

**Bankruptcy No. 76–1971G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 30, 1986.

J. Dennis Faucher, Kristin R. Hayes, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff, First Pennsylvania Bank N.A.

Horace A. Stern, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for the defendant, Myron Harris, trustee in Bankruptcy of Eagson Corp.

Harold E. Stassen, Wayne, Pa., for debtor, Eagson Corp.

Myron Harris, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue presented by the trustee is whether we should reconsider our order and accompanying opinion of December 23, 1985, based on the fact that the debtor was one of four primary obligors on a debt rather than the sole obligor. See *In Re Eagson*, 56 B.R. 127 (Bankr.E.D.Pa.1985). Since we conclude that the asserted fact is irrelevant for the purposes of the decision under scrutiny, we will deny the trustee's motion for reconsideration.

The facts of this case are drawn from our previous decision at 56 B.R. 127, unless otherwise noted below.[1] The debtor grant-

ed a nonrecourse mortgage in a parcel of realty in 1972 to the First Pennsylvania Banking and Trust Company ("First Pennsylvania"). The debtor fell in default of the mortgage and soon thereafter filed a petition for reorganization under chapter XI of the Bankruptcy Act of 1898. The debtor was adjudicated a bankrupt in 1979 and, thereafter, we ordered the sale of the property free and clear of liens, with such encumbrances attaching to the proceeds of any sale of the parcel. Ultimately a sale of the property brought $625,000.00.

First Pennsylvania commenced suit in this court for a determination of its entitlement to the proceeds of the sale and, subject to certain restrictions set forth in an earlier order and accompanying opinion of February 24, 1984, we directed the trustee to pay First Pennsylvania $280,000.00 of the proceeds. *First Pennsylvania Bank, N.A. v. Harris (In Re Eagson)*, 37 B.R. 471 (Bankr.E.D.Pa.1984). The trustee then filed a motion on May 10, 1985, for enlargement of the order of February 24, 1984. The trustee requested amendment of said order so that the trustee would be subordinated to the former secured position of the mortgagee in the proceeds due to his $280,000.00 payment to First Pennsylvania. The basis for the trustee's request was found in the loan agreement that supported First Pennsylvania's mortgage. In pertinent part the loan agreement provided:

The parcel [of realty in question] (hereafter called the "Eagson Tract" ...) shall be released from the lien of the Mortgage prior to the final repayment of the loan amount in accordance with this Agreement and the terms of the Note if either (1) [the debtor] pays to [First Pennsylvania] the sum of $280,000.00 in reduction of the loan or (2) payments of $280,000.00 in reduction of the loan are made to [First Pennsylvania] by [the debtor] or others in excess of those payments required to be made to [First Pennsylvania] under Section 3.3. If, be-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052.

cause of a default of Borrower, [First Pennsylvania] begins foreclosure proceedings against the property subject to the lien of the Mortgage, and *if subsequent to the start of such proceedings a sum equal to the unpaid balance of the $280,000.00 payment referred to in (2) of the proceeding sentence is made to [First Pennsylvania] in order to obtain a release of the lien of the Mortgage from the [property] [First Pennsylvania] will give to the party so paying such sum a subordinated participation in the Note* (to the extent of the payment so made); the payment of such sum for such purpose shall not be applied by [First Pennsylvania] in reduction of the loan, but shall be retained by [First Pennsylvania] for its own account. (Emphasis added).

The trustee asserts that we overlooked the following facts, which we hereby adopt as findings of the court: The facts supporting the debtor's granting of the mortgage in 1972 are that in 1972 the Foerderer Tract Committee ("Foerderer"), Joan M. Weber ("Weber") and Forward Lands, Inc. ("FLI") entered into a loan agreement with First Pennsylvania, by which the bank lent them the sum of $3,295,000.00. In exchange Foerderer, Weber and FLI executed a $3,295,000.00 note and granted a mortgage on realty in Montgomery County, Pa., known as the Foerderer Tract.

Apparently because it was not entirely satisfied with the security of the Foerderer Tract for the loan obligation, First Pennsylvania convinced Eagson to become a co-signer on the note and a co-obligor on the mortgage, and that the mortgage include realty owned by Eagson as well as the Foerderer Tract. In order to facilitate the loan to those parties, Eagson executed both of those documents. Under the explicit terms of the foregoing documents, however, Eagson's liability was limited to $280,000.00, and First Pennsylvania's mortgage lien on Eagson's parcel was limited to that sum.

When Foerderer, Weber and FLI defaulted in repayment of the $3,295,000.00 loan, the Bank entered judgment on the note against all of the signatories thereto, and instituted mortgage foreclosure proceedings against all of the obligors on the mortgage, including Eagson. The enforcement of the Bank's remedies, however, was suspended when the Committee became the subject of a state-court receivership in the Court of Common Pleas of Montgomery County, and Eagson became a Chapter XI debtor in the Bankruptcy Court in 1976.

As is our policy in drafting decisions, we generally include only those facts which are necessary to our decision. We eliminate irrelevant facts such as whether a trustee's actions were manifest under the imagery of a full moon, unless, of course, a trustee's affliction from lycanthropy impairs the administration of the estate.

In our prior opinion we decided the trustee's request for an order directing First Pennsylvania "to assign to the trustee a pro rata share of both a mortgage and judgment."[2] We denied the motion on the grounds that the debt was extinguished on the trustee's payment. The fact that the debtor was one of several obligors rather than the sole obligor is irrelevant. Whether the trustee has some unsecured claim in the guise of contribution or the like against the other joint obligors is not currently before us. We will accordingly enter an order denying the trustee's motion for reconsideration.

---

**2.** Trustee's memorandum in support of amended motion of trustee for reconsideration of order dated December 23, 1985, page 2.